**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PRYMAS NAZRETH VAZ;
MONALISA NAPOLIAN DIAS,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-70646

Agency Nos.  A075-724-257
A075-724-258

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Prymas Nazreth Vaz and Monalisa Napolian Dias, natives and citizens of

India, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen removal proceedings. Our jurisdiction is governed

by 8 U.S.C. § 1252. We review for abuse of discretion, *He v. Gonzales*, 501 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1128, 1130-31 (9th Cir. 2007), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' second motion to reopen as untimely and numerically barred where they filed it over four years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to establish changed conditions in India to qualify for the regulatory exception to the time limitation and numerical bar, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief in order to reopen proceedings based on changed country conditions).

Petitioners' contention that the BIA failed to meaningfully consider the evidence submitted with the motion to reopen is belied by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for petitioner to prevail on a due process claim).

Finally, this court lacks jurisdiction to review petitioners' contention that their former counsel was ineffective. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**